UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTRAL PARKING SYSTEMS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-09923** |
| **PREMIUM PARKING SERVICE, LLC, JAMES HUGER** | **SECTION: T(1)** |

## ORDER

Before the Court is a "Motion to Dismiss Pursuant to FRCP(b)(7) for Failure to Join Indispensable Parties Under FRCP 19"[1] filed by Premium Parking Service, LLC ("Premium Parking") and James Huger (collectively, "Defendants"). Central Parking Systems, Inc. ("Plaintiff") has filed an opposition.[2] For the following reasons, the motion to dismiss is **DENIED.**

## BACKGROUND

This action involves Plaintiff's claim seeking to recover more than $170,000 in parking revenues earned by Defendants for the alleged unauthorized operation of a parking lot located at 401 O'Keefe New Orleans, LA 70112 ("the Lot").[3] The Lot is owned by Mary V. Haindel, Christian J. Haindel, Jr., Joseph B. Haindel, Elisabeth Gehl, and Rosemary Roy (the "Owners").[4] In 2010, Premium Parking entered into a lease agreement with the Owners for the right to use and operate the Lot (the "2010 Lease").[5] During this time, Premium Parking also leased and operated parking services on the property adjacent to the Lot.[6] When the 2010 Lease's term ended, Plaintiff entered into a lease agreement with the Owners for the right to use and operate the Lot beginning

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶12.
[5] R. Doc. 1, ¶12.
[6] R. Doc. 1, ¶14.

1

on December 1, 2016 for a term of three years (the "2016 Lease").[7] The 2016 Lease required Plaintiff to pay rent to the Owners based on a percentage of sums collected from parking rentals on the Lot.[8] From December 2016 to January 2019, Premium Parking earned substantial revenues from its continued possession and operation of parking services on a portion of the Lot containing approximately 20 parking spaces.[9]

On April 30, 2019, Plaintiff filed suit to recover the revenues earned by Premium Parking for its unauthorized operation of the parking spaces on the Lot.[10] Defendants now move to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) contending that the Owners are necessary and indispensable parties to this action under Rule 19.[11]

## LAW AND ANALYSIS

Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to bring a motion to dismiss a complaint for failure to join a party under Rule 19.[12] Under Rule 12(b)(7), the court must conduct an analysis consisting of two inquiries.[13] First, the court must determine under Rule 19(a) whether a person should be joined to the lawsuit.[14] "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." [15]

---

[7] R. Doc. 1, ¶15.
[8] R. Doc. 1, ¶16.
[9] R. Doc. 1, ¶¶17-18.
[10] R. Doc. 1.
[11] R. Doc. 7.
[12] *See* Fed. R. Civ. P. 12(b)(7).
[13] *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).
[14] *Wingate*, 327 F.3d at 439.
[15] *Wingate*, 327 F.3d at 439.

"Federal Rule of Civil Procedure 19 directs federal courts to join 'required' parties when feasible."[16] Under Rule 19(a), a party is "necessary" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[17]

If joining a required party is not feasible, for example, when it would destroy diversity, courts must determine whether the party is "merely necessary" to the litigation, or in fact "indispensable."[18]

The Court finds the Owners are not necessary parties under Rule 19. Although Owners have a contractual entitlement to a percentage of the parking revenues generated by Plaintiff, the subject matter of this action relates to Plaintiff's entitlement to the funds generated from the Lot. Plaintiff's entitlement to the funds generated from the Lot can be resolved in the absence of the Owners. Additionally, the Owners' absence from this litigation will not leave any of the other parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the "Motion to Dismiss Pursuant to FRCP(b)(7) for Failure to Join Indispensable Parties Under FRCP 19"[19] is **DENIED.**

**New Orleans, Louisiana**, on this __7th__ day of November, 2019.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[16] *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019).
[17] Fed. R. Civ. P. 19(a).
[18] *Moss*, 913 F.3d at 515.
[19] R. Doc. 7.